ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                          )
                                                      )
USAC Aerospace Group Inc. dba USAC                    )    ASBCA No. 59186
  Aerospace Group: Ordnance Division                 )
                                                      )
Under Contract No. SPM4A6-11-C-0135                  )

APPEARANCE FOR THE APPELLANT:          Mr. Michael Sammon
                                       President

APPEARANCES FOR THE GOVERNMENT:        Daniel K. Poling, Esq.
                                         DLA Chief Trial Attorney
                                       Jason D. Morgan, Esq.
                                       Edward R. Murray, Esq.
                                         Trial Attorneys
                                         DLA Aviation
                                         Richmond, VA

OPINION BY ADMINISTRATIVE JUDGE PAGE
ON THE GOVERNMENT'S MOTION TO DISMISS

The Defense Logistics Agency, Aviation Supply Chain (DLA or the government) moves to dismiss ASBCA No. 59186 for lack of jurisdiction. It alleges that the contract underlying this appeal between DLA and USAC Aerospace Group Inc. dba USAC Aerospace Group: Ordnance Division (USAC, appellant or the contractor) is a nullity. The government asserts that USAC, which represented itself as a corporation at the time of offer and award, lost its corporate status before the contract was entered into. Among other documents, the government relies upon records from the California and Nevada secretaries of state to support its contention that appellant "was not a viable business entity and lacked the corporate capacity to enter into the contract." (Gov't mot. at 1)

After reviewing evidence cited by the government's motion that questioned USAC's legal capacity at the time of contracting, the Board raised additional jurisdictional concerns *sua sponte* and pursuant to Board Rule 7, Motions, ¶ 7(b), Jurisdictional Motions. These focused upon the appeal itself, and whether USAC and its representative are in compliance with Board Rule 15, Representation for a contractor that is a corporation.

<u>STATEMENT OF FACTS FOR PURPOSES OF THE MOTION AND THE</u>
<u>BOARD'S ORDER REGARDING COMPLIANCE WITH ASBCA RULE 15(A)</u>

1. On 16 February 2011, DLA issued Request for Proposals (RFP) SPM4A6-11-C-0156, seeking a supply of guided missile launcher tripod mounts. On 23 May 2011, DLA accepted the offer of, and awarded the contract to, "USAC Aerospace Group: Ordnance Division." The contractor's address is listed as "Aeronautical Flight Center, 37920 Sky Canyon Drive, Murrieta CA 92563." (Gov't mot., ex. 1 at 1, 4) As shown on the face of its offer and in the contract, USAC gave its "Commercial and Government Entity" or "CAGE" code as "5V5E6" (*id.* at 1, 2). The contractor's point of contact is identified as "Michael Sammon CEO, Director of Operations" (*id.* at 3).

2. The contract was awarded on 23 May 2011 in the amount of $611,850.00 (gov't mot., ex. 1 at 1), which was later increased to $630,525.00 (*id.*, ex. 5 at 2). The contract required USAC to deliver a first article for testing 90 days after award (*id.*, ex. 1 at 2, 11). The contract incorporated by reference FAR 52.249-8, DEFAULT (FIXED-PRICE SUPPLY AND SERVICE (APR 1984), which permitted the government to terminate the contract for default if USAC did not perform as required (*id.* at 21).

3. The contractor's CAGE code is among business-related information required by DLA for offerors and contractors. To this end, the subject contract incorporates by reference FAR 52.204-7, CENTRAL CONTRACTOR REGISTRATION (APR 2008). Paragraph (a) of that regulation, Definitions, describes the DLA's Central Contractor Registration, requires a contractor to provide specific information in the "Central Contractor Registration (CCR) database" that includes the contractor's unique Data Universal Numbering System (DUNS) number as well as its active Taxpayer Identification Number (TIN). Paragraph (f) of this regulation states that "[t]he Contractor is responsible for the accuracy and completeness of the data within the CCR database," and requires the contractor to update the information on an annual basis. According to FAR 2.101, Definitions, which is incorporated by reference, the TIN is "required by the IRS to be used by the offeror in reporting income tax and other returns. The TIN may be either a Social Security Number or an Employer Identification Number." (Gov't mot., ex. 1 at 15)

4. Information about a contractor is available through the United States General Services Administration's "System for Award Management" (SAM)[1], which tracks consolidated data relating to government procurement. Information a contractor must enter in SAM, some of which duplicates that found in DLA's CCR, includes its DUNS number, TIN, and its CAGE code, which is a five-character alpha-numeric designation

---

[1] The government advised that the instant contract "pre-dates SAM, and, instead, includes FAR 52.204-7, Central Contractor Registration (CCR)" (gov't mot. at n.1).

assigned by DLA to identify a commercial or government entity. *See, e.g.*, sam.gov, §§ 1-3, ¶¶ 1.1, 3.4.1.5.

5. Records from the California Secretary of State show that the business license of USAC was suspended, and its corporate representative resigned, on 29 February 2008. Records obtained from the Nevada Secretary of State showed a filing by "USAC Aerospace Group, Inc." with "Michael Sammon" named as its president. Nevada revoked the business license of this entity on 30 April 2011, which preceded contract award on 23 May 2011. (Gov't mot. at 3, exs. 12-13)

6. The record before the Board does not indicate, nor does appellant contend, that it advised the government of its loss of corporate status in either California or Nevada or sought a contract novation to reflect its now corporate status.

7. Following administrative modifications and extensions to the delivery schedule (gov't mot., exs. 4-8), DLA on 6 December 2013 terminated the contract for default after USAC failed to timely deliver the first article for testing (gov't mot., exs. 9-10).

8. The contractor's notice of appeal (NOA) was received by the Board on 28 February 2014. The NOA was signed by Michael Sammon, Director of Operations, on behalf of "USAC Aerospace Group, CAGE Code, 5V5E6."

DECISION

*A. The Government's Motion to Dismiss*

*1. Position of the Government*

On 3 April 2014, the government moved "to dismiss this appeal for lack of jurisdiction because the contract upon which the appeal is taken, SPM4A6-11-C-0135, is a nullity." DLA argues that "at all times—from the contract's formation to the contract's termination for default—Appellant, USAC Aerospace Group, Inc., was not a viable business entity and lacked the corporate capacity to enter into the contract." (Gov't mot. at 1) In addition to the contract, the government relies upon information relating to appellant's corporate registrations in California and Nevada. According to the government, appellant, which purported to enter into the contract as a corporation, has used different CAGE codes associated with USAC. Information from the California and Nevada secretaries of state show that USAC (in its various corporate forms) lost its business license in the former in 2008, and became a defunct corporation in the latter in 2011. (*Id.* at 3-5)

### a. Information Provided by the Contractor in Making the Contract

The government contends that, according to information in SAM, CAGE code 5V5E6 "corresponds to 'USAC Aerospace Group, Inc.,' doing business as 'USAC Aerospace Group: Ordnance Division'"; the business is a Subchapter S corporation but the state of incorporation is not given; its address is 1174 East Edna Place, Covina, CA 91724; its Employer Identification Number (EIN) is 201134238; and Michael Sammon is the Chief Executive Officer (gov't mot. at 2, ex. 2 at 1-2). The government points out that USAC Aerospace Group, Inc., has the additional CAGE code of 5RUB5. According to information in SAM pertaining to 5RUB5, "USAC Aerospace Group Inc. is doing business as 'USAC Aerospace Group: Aerostructures Division.'" SAM lists the company's address as 1174 East Edna Place, Covina, CA 91724 and uses the EIN of 201134238, just as for "5V5E6." The business self-identifies as a "Subchapter S Corporation," but in this instance it identified its state of incorporation as California. (Gov't mot., ex. 3 at 2)

### b. Relevant Law and Filings with the Secretaries of State of California and Nevada

DLA states that records obtained from the California Secretary of State yielded filings by six corporations with the term "USAC" in the name. All of these corporations are defunct. (Gov't mot. at 3, ex. 11). The government says that the records show that "USAC Group, Incorporated" had its business license suspended by the State of California, and its registered agent resigned, on 29 February 2008. This was prior to the time the contract underlying this appeal was entered into.

The government asserts that additional records obtained from the Nevada Secretary of State showed a filing by "USAC Aerospace Group, Inc." with "Michael Sammon" named as its president. Nevada revoked the business license of this entity on 30 April 2011, which preceded contract award on 23 May 2011. (Gov't mot. at 3, ex. 13)

DLA argues that "[l]ack of capacity to contract requires dismissal of an appeal for lack of jurisdiction" (gov't mot. at 3) (citing *Oscar Navaez Venegas*, ASBCA No. 49291, 98-1 BCA ¶ 29,690). It reasons that "[w]here, as here, the appellant purports to be a corporation, 'the capacity of that corporation to act is determined by reference to the law of the place of incorporation'" (*id.*) (citing *Dual, Inc.*, ASBCA Nos. 53827, 53889, 06-1 BCA ¶ 33,243). The government contends that "it appears that Appellant was not incorporated in any state at the time of contract formation, nor is it incorporated today" (gov't mot. at 4).

The government further alleges that, even if "Appellant can establish that it represents some vestige of either the defunct 'USAC Aerospace Group, Inc.' incorporated in Nevada or the defunct 'USAC Group, Incorporated' incorporated in

4

California, it has not taken any of the steps necessary to revive its corporate charter. See generally, Nev. Rev. Stat. § 78.730 (2013) [and] Cal. Rev. & Tax Code §§ 23305, 23305a (state statutes describing Nevada's and California's corporate revival processes, respectively)." The government asserts that the Board should dismiss this appeal for lack of jurisdiction, because "at all times, Appellant lacked the capacity to enter into the contract from which it appeals." (Gov't mot. at 3-5)

The parties' attention was specifically directed to the Board's decision in *Easterbrook/Ramco*, ASBCA No. 42176 *et al.*, 94-2 BCA ¶ 26,658, which held that a corporation suspended under relevant state law could not submit a valid CDA claim. The Board also referenced Nevada Revised Statutes (NRS) § 78.175, DEFAULTING CORPORATIONS: DUTIES OF SECRETARY OF STATE; REVOCATION OF CHARTER AND FORFEITURE OF RIGHT TO TRANSACT BUSINESS DISTRIBUTION OF ASSETS, including NRS § 78.175(2); these statutes are applicable to a company incorporated in Nevada. Specific note was made to the requirements of Board Rule 15, Representation, particularly ¶ a.

### 2. *Position of Appellant*

The Board's order of 3 April 2014 required USAC to respond to the motion, and repeatedly granted appellant's requests for an extension to obtain information. On 23 September 2014, the Board cautioned appellant regarding possible effects of its failure to furnish a responsive answer, and told USAC that the Board would rule based upon the existing record if appellant did not respond by 15 October 2014. On 16 October 2014, the Board denied USAC's 10 October 2014 request for another extension for lack of good cause shown, and advised that the record was closed for purposes of ruling on the government's motion.

None of USAC's correspondence relative to the motion addressed whether USAC had corporate capacity to enter into the subject contract. In addition to its requests for an extension, appellant at times focused on the merits of its claim challenging the termination for default but did not address the issue of its corporate status at the time of contracting.

### B. *The Board's Orders of 3 March 2015 and 7 April 2015*

After reviewing the record and motion submissions, the Board on 3 March 2015 issued *sua sponte* an "ORDER REQUIRING PROOF OF THE CONTRACTOR'S INCORPORATION." USAC was ordered by 18 March 2015 to "Furnish supporting documentation for all assertions of incorporation; discontinuance of incorporation; and any reinstatement for the period beginning 16 February 2011, the date the government

5

issued the Request for Proposals in the subject contract, to [the] present." Specific information required included:

1. Jurisdictions in which appellant is or has been legally incorporated;
2. The date(s) of such incorporation;
3. Whether appellant remains now, and has been at all times since award of the contract, a legally-incorporated entity in that jurisdiction;
4. Jurisdictions in which appellant's incorporation was discontinued or discontinuous; and
5. The date(s) that the contractor ceased to be a legal corporation in the stated jurisdictions and any reinstatement.

USAC was cautioned in the 3 March 2015 order that its "[f]ailure...to timely comply with this Order will result in the Board's issuance of an ORDER TO SHOW CAUSE to demonstrate why the Board should not draw the adverse inference that appellant was not a legally incorporated entity at the time it entered into the subject contract."

Appellant on 16 March 2015 advised that "USAC Aerospace Group Inc. is Incorporated in the State of Nevada, Articles of Incorporation, Document Number: 20100276357-63, Entity Number: E0201342010-9, Filing Date: 04/12/2010, 7:53 AM." Appellant advised that "To our knowledge we are incorporated in the State of Nevada. For status of incorporation with our incorporation filing resident, Legalzoom, to be reviewed."

The Board on 23 March 2015 directed USAC to clarify this response. The Board stated that it "understands the contractor to stipulate that it was incorporated in Clark County, Nevada as of 12 April 2010 and that it is not incorporated in any other jurisdiction." USAC was directed to supplement its 16 March 2015 response, as "it is insufficient [for appellant] to state" that USAC held an uninterrupted corporate existence "To our knowledge."

Appellant's reply of 3 April 2015 confirmed that its Entity Number is "E0201342010-9" and that it is "'Not' filed as an entity in any other State or Jurisdiction" than Nevada. It advised that "[i]f the Corporation is in a 'Revoked' status or any other negative standing, USAC Aerospace Group Inc. will do everything in it's [sic] power to right the situation."

As this reply did not adequately respond to the inquiry, the Board on 7 April 2015 issued an "Order to Show Cause." Appellant was admonished that, unless

6

credible and probative proof was received from appellant by 30 April 2015, the ASBCA would draw the adverse inference that USAC was not a legally-incorporated entity in good standing in Nevada, the stated sole place of incorporation, as of either 23 May 2011, the date of contract award, or on 28 February 2014, the date the appeal was received by the Board.

Following appellant's failure to respond to the 7 April 2015 order to show cause, the Board on 5 May 2015 ordered supplemental briefing. The contractor was told to advise the Board, and provide supporting documentation, regarding "whether USAC has/had corporate capacity to bring and prosecute this appeal, and second, whether Michael Sammon has/had adequate legal authority, to bring and prosecute this appeal on behalf of USAC." The government cites to several cases for the proposition that appellant as a defaulted corporation lacks standing under Nevada Law to bring and maintain this appeal (gov't supp. br. at 3-4). *See, e.g., American Sports Radio Network, Inc. v. Krause*, slip op. at 4 (C.D. Cal. 2006); *In re Krause, American Sports Radio Network, Inc. v. Krause*, 546 F.3d 1070, 1075 (9th Cir. 2008); and *AA Primo Builders, LLC v. Washington*, 126 Nev. 578 (2010).

Only the government responded to the 5 May 2015 order. On 22 June 2015, the Board notified the parties that the time for responding to the Order to Show Cause had expired and the Board regarded the record as closed for purposes of ruling on these issues.

## DECISION

It is unnecessary that we decide the government's motion, or determine whether USAC had corporate authority to enter into the instant contract. Rather, the Board's review of the overall record, including the parties' submissions, raised other concerns. The information brought into question the corporate viability of USAC, and Mr. Sammon's representative capacity, at all times relevant to making and sustaining this appeal.

Board Rule 15, Representation applies here. Paragraph (a) states that:

> An individual appellant may represent his or her interests before the Board; a corporation may be represented by one of its officers; and a partnership or joint venture by one of its members; or any of these by an attorney at law duly licensed in any state, commonwealth, territory, the District of Columbia, or in a foreign country. Anyone representing an appellant shall file a written notice of appearance with the Board.

7

Despite repeated opportunities, USAC failed to provide any evidence of its legal capacity or that of its representative as required by Board Rule 15. It produced nothing other than unsupported assertions that it was "To our knowledge" a viable corporate entity at all relevant times, but if not would "right the situation" (*see* USAC correspondence of 16 March and 3 April 2015). Nor did USAC provide evidence, as it must, that Michael Sammon is empowered to serve as the contractor's representative, in accordance with Board Rule 15. *See, e.g., Smart Construction & Engineering Co.,* ASBCA No. 59354, 15-1 BCA ¶ 36,018.

Having warned USAC of the consequences of failing to furnish credible evidence, the Board draws the adverse inferences that: (1) as a defunct corporation, appellant lacked legal capacity to bring or prosecute this appeal; and (2) Mr. Sammon lacks authority to serve as corporate representative in bringing and prosecuting the appeal.

As USAC represented itself as a corporation in making the contract, it is incumbent upon appellant to show that its representative is authorized to act in that capacity. It has furnished no proof to satisfy that burden.

## CONCLUSION

Since the Board is unable to proceed without a proper representative of appellant, the appeal is dismissed without prejudice.

Dated: 16 March 2017

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

8

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59186, Appeal of USAC Aerospace Group Inc. dba USAC Aerospace Group: Ordnance Division, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

9